# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 896

CLEVELAND RAILWAY CO. v. KILBANE

Ohio Appeals, 8th Dist., Cuyahoga Co.

Nos. 5799 & 5800, Decided May 25, 1925

1094. SLANDER—1. Where statement is claimed to be privileged, the question whether or not the occasion gives the privilege, the controlling facts being conceded, is for the court.

2. Where facts are not conceded in respect to malice, issue is one of fact for jury and not of law for court.

SULLIVAN, J.

The two cases by consent, were tried as one to the jury in the Cleveland Municipal Court. They were brought by Edward Kilbane against the Cleveland Railway Co., one being for slander upon which judgment for $2500 was rendered in favor of Kilbane and the other being one for false imprisonment, a $1250 judgment being rendered in his favor.

It appears that Kilbane, 58 years of age, was employed as a conductor by the Company. He was requested to leave his car and go to the office of the Superintendent to be interviewed. It also appears from the record that certain detectives had been employed by the Company to investigate the alleged theft or embezzlement of fares. Kilbane was detained upon a statement that he was under arrest, made by one of the detectives; and was prohibited from leaving the room in which he was detained, from 10 A. M. to 8 P. M. to go to his meals or otherwise.

Kilbane was searched and partially unclothed for the purpose of finding a key to the fare box, and the record discloses that repeatedly throughout the transaction, he was called a thief by employees and officers of the Company in the presence of the treasurer, superintendent, and attorney of the Company. Nothing of a criminatory nature was found on him and at 5 P. M. he was released but paid off and discharged by the Company. No further detention or arrest was made, nor was any criminal proceedings brought against him.

Error was prosecuted from the judgments of the Municipal Court and the theory of qualified privilege was depended upon by the Company. It was also contended that the court erred in not incorporating in its charge the doctrine of qualified privilege as that principle applied to the evidence in the case as claimed by the Company. The Court of Appeals held:

1. The amended answer of the Company, while in the nature of a general denial employs certain allegations in the nature of negotive pregnants or confession and avoidance and do not assert the doctrine of qualified privilege specifically, although that becomes the theory of the defense.

2. The Company, while admitting the charge of slander as made by Kilbane, did not plead its defense of justification under the statutes, either by showing the truth of same, or that by its conduct it was entitled to mitigation of damages. It simply raised the doctrine and took the position that under it and the record of the case, the presumption of malice was not a burden which it had to assume, but was upon Kilbane, to be entitled to recover, to show, by a preponderance of the evidence that there was actual malice.

3. "Where the publication is claimed to be privileged the question whether or not the occasion gives the privilege, the controlling facts being conceded, is also for the court." Mauk v. Brundage, 68 OS. 89. So that if the record herein discloses that the controlling facts are not conceded with respect to actual malice, it follows that the issue becomes one of fact for the jury and not one of law for the court.

4. Counsel for the Company made no oral or written specific requests to the court to supply any omissions which bore upon the theory of the defense of qualified privilege, but the court in two instances before submission of the case to the jury, interrogated counsel as to whether there was anything further that they desired.

5. In the language of the Supreme Court the responsibility rests upon counsel to request the court to supply an omission in its charge; and where the court upon request finds no response, the error, if it is one of omission is waived. So that with respect to the charge of the court, there is no error therein prejudicial to the rights of the Company.

6. The assignment that prejudicial error was committed by the Court in charging the jury that it might assess punitive damages under the facts in this case was made by the Company.

7. It is clear that the court had a perfect right to charge exemplary damages and inasmuch as there is credible evidence in the record showing actual malice, even under the doctrine of qualified privilege, the court would derive its authority to charge punitive damages therefrom, and this fact existing in the record, made it proper for the court to charge the right of Kilbane to have the jury consider the question of attorneys' fees.

8. The Court charged that "compensatory damages are allowed to compensate the plaintiff for the actual injury he had sustained; exemplary damages are given as smart money in the way of pecuniary punishment." Right here the court properly distinguished the difference between compensatory and punitive damages, and because later on the word "compensatory" damages was used in its relation to the attorney's fees, could not mislead the jury in any way for the reason that from the credible evidence, punitive damages would actually flow, and this being so, attorney's fees would result.

Judgment as to both cases affirmed.

Attorneys—Squire, Sanders & Dempsey for Company; George W. Spooner for Kilbane; all of Cleveland.